UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
RAHEEM TAYLOR,                   :
                                 :    Civil Action No. 09-4763 (JBS)
          Petitioner,            :
                                 :
     v.                          :    OPINION
                                 :
GEORGE W. HAYMAN, et al.,        :
                                 :
          Respondents.           :
```

**APPEARANCES:**

    RAHEEM TAYLOR, Petitioner pro se
    # 574141
    New Jersey State Prison
    P.O. 861
    Trenton, New Jersey 08625

**SIMANDLE**, District Judge

This matter is before the Court on the application of petitioner, Raheem Taylor, for a writ of mandamus.[1]  Petitioner submitted an application for in forma pauperis with an affidavit of indigency and his prison account statement, as required under 28 U.S.C. § 1915(a)(2).  It appears that Petitioner qualifies for indigent status.  For the reasons set forth below, however, the petition for a writ of mandamus will be dismissed for lack of jurisdiction.

---

[1] Petitioner expressly designates his petition as a writ of mandamus.  However, the Clerk of the Court mistakenly docketed the action as a habeas petition under 28 U.S.C. § 2254.  Petitioner is not challenging a state court judgment, nor is he seeking his release from prison.  Therefore, the matter can not be designated as a § 2254 habeas petition, and the docket should be corrected to reflect that it is a mandamus action, as intended by Petitioner.

I. BACKGROUND

Petitioner, Raheem Taylor ("Taylor"), brings this petition for a writ of mandamus against the following state official respondents employed by the New Jersey Department of Corrections ("NJDOC"): George W. Hayman, NJDOC Commissioner; Donald Mee, Administrator; and Ellen Alchevesky, Business Manager. (Complaint, Caption). Taylor alleges that the respondents have failed to return funds debited from petitioner's prison account for partial payment of the $350.00 filing fee associated with Taylor's earlier civil action, Taylor v. Cole, Civil No. 06-6016 (RBK). He also alleges that respondents have failed to delete reference to this earlier action on his prison account statement. By this action, Taylor seeks to have this Court order the state respondents to return funds previously deducted from his account, and to delete all references to Taylor's earlier civil rights action from his institutional account statement.

Taylor alleges that, in Civil No. 06-6016 (RBK), he had filed a request for in forma pauperis ("IFP") status, which relieved him from prepayment of the $350.00 filing fee for civil actions upon affidavit of indigency, pursuant to 28 U.S.C. § 1915(a). Taylor's IFP application was granted on December 29, 2006. Pursuant to the December 29, 2006 Order, Taylor was to be assessed an initial partial filing fee equal to 20% of Taylor's average monthly deposits for the six month period preceding the

date Taylor filed his Complaint.  Further, partial payments of the $350.00 filing fee were to be paid from Taylor's prison account, when funds exist, each subsequent month when the amount in Taylor's prison account exceeded $10.00, up to 20% of the preceding month's income credited to Taylor's prison account. When partial payments were deducted from Taylor's account, each payment was to reference the docket number of Taylor's earlier action, Civil No. 06-6016 (RBK).

Taylor states that an initial fee of $10.00 was deducted from his account.  This amount is confirmed by the docket report for Civil No. 06-6016 (RBK), at docket entry no. 4, which shows that partial payment of $10.00 was made on January 10, 2007. Thereafter, at docket entry no. 23, the docket report for Civil No. 06-6016 (RBK) shows that, on October 26, 2007, a partial prisoner payment of $340.00 was made.  On November 9, 2007, Taylor filed a motion for return of funds on the grounds that the amount deducted exceeded the IFP Order that provides for partial payment each month funds are available up to 20% of the amount existing in Taylor's prison account.  (See docket entry no. 27, Civil No. 06-6016 (RBK)).

A Stipulation of Dismissal was entered in Civil No. 06-6016 (RBK) on December 20, 2007.  However, Taylor's motion for remittance of funds was not ruled upon by the Court.  On February 11, 2008, the case was reopened to consider Taylor's application.

On July 23, 2008, an Order was entered by the Honorable Robert B. Kugler, U.S.D.J., conditionally granting Taylor's motion for remittance of funds.  (See docket entry no. 32, Civil No. 06-6016 (RBK)).

Specifically, Judge Kugler found that "a remittance of *certain* funds [was] due to [Taylor]," but the "Court [] disagrees with [Taylor's] exercises in mathematics."  The Court noted that the actual amount of the disputed second assessment was $340.00, not $350.00 as alleged by Taylor.  Thus, calculating 20% of the credited amount of $691.51 in Taylor's prison account in October 2007 (which is $138.00), and deducting $138.00 from $340.00 paid, Taylor would be owed $202.00.  However, the Court further found that, since the date of the second assessment, October 2007, monthly assessments should have been made against Taylor's prison account in accordance with the Court's December 29, 2006 IFP Order.  Thus, the Court stated that the accumulated total of those monthly assessments was due to the Clerk, and this accumulated total should be deducted from the $202.00 difference in order to determine the amount of remittance due to Taylor. (See docket entry no. 32 at ¶¶ 5, 6, Civil No. 06-6016 (RBK)). In a footnote to the July 23, 2008 Order, the Court stated, as follows:

> The Court stresses that the fact of this Court conditionally directing a remittance to Plaintiff does not indicate that Plaintiff is relieved from his obligation to pay the entire amount of $350.00 filing fee due from him; it merely indicates that the Plaintiff is entitled, pursuant to his in forma pauperis status, to pay that amount in installments

4

>    rather than by a single collection such as the Second
>    Assessment collected by the Burlington Officials.

(See docket entry no. 32 at fn. 3, Civil No. 06-6016 (RBK)).

After the July 23, 2008 Order, Taylor alleges that no communications were made by respondents to determine what fees, if any, were due to the Court from Taylor, as directed by the Court Order.  Taylor contends that had respondents complied with the Order, they would have learned that no fees were due because the filing fee had been paid in full and the Court's late ruling on his motion for remittance of funds rendered further enforcement of the Order moot.  (Petition at ¶¶ 7, 8).  Nevertheless, on February 19, 2009, almost seven month after entry of the July 23, 2008 Order, Taylor's prison account shows that $9.54 was deducted in connection with Taylor's prior Civil No. 06-6016 (RBK).  Ths Court observes, however, from the docket report for Civil No. 06-6016 (RBK), that payment in that amount was never made or recorded.  It is not clear where the $9.54 deduction was directed for payment.

Taylor alleges that he made repeated attempts to advise respondents of their error, but to no avail.  Consequently, Taylor wrote to Judge Kugler on March 17, 2009, April 23, 2009, and again on June 12, 2009, complaining that the NJDOC correctional officials are improperly deducting funds from Taylor's prison account.  Taylor attaches these letters to his petition at Exhibits C and E.  He also attaches two letter responses from Judge Kugler, dated April 17, 2009 and May 12,

5

2009, which inform Taylor that his filing fee has been paid in full, and that the Court has no knowledge of any further deductions from his account.  Judge Kugler suggested that Taylor bring the matter to the attention of the prison administrators. Additionally, Taylor was reminded that his obligation to pay the filing fee does not depend on the outcome of his case, and thus, settlement and dismissal does not terminate his obligation to pay the filing fee.  (See attachments to Petition at Exs. D and E).

Taylor again alleges that he submitted grievances and other correspondence to respondents without success.

Upon review of Taylor's prison account statement, which he submitted with his habeas petition herein, it is clear that only one payment of $9.54 has been deducted from prison's account statement, purportedly in connection with Civil No. 06-6016 (RBK).  However, that money has not been applied to any of Taylor's several actions filed in the District of New Jersey.

## II.   STANDARDS FOR SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application
> for a writ of habeas corpus shall forthwith award the writ
> or issue an order directing the respondent to show cause
> why the writ should not be granted, unless it appears from
> the application that the applicant or person detained is
> not entitled thereto.

Taylor brings this habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S.

6

97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

### III.  ANALYSIS

Taylor seeks relief by a petition for a writ of mandamus, pursuant to 28 U.S.C. § 1651.

The Mandamus Act vests the district court with original jurisdiction over any action in the nature of mandamus to compel an officer or agency of the United States to perform a duty owed to a plaintiff.  See 28 U.S.C. § 1361.  It is well-established that a writ of mandamus is an extraordinary remedy, to be granted only in extraordinary cases.  See Heckler v. Ringer, 466 U.S. 602, 616 (1984); United States v. Olds, 426 F.2d 562, 565 (3d Cir. 1970).  Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free

from doubt." Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992).

The Supreme Court has set forth conditions to be established before mandamus relief is granted: (1) that plaintiff has a clear right to have his application adjudicated; (2) that defendants owe a nondiscretionary duty to rule on the application; and (3) that plaintiff has no other adequate remedy. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Kerr v. United States District Court, 426 U.S. 394, 403 (1976)(party seeking issuance of the writ must "have no other adequate means to attain the relief he desires" and must show that his "right to issuance of the writ is clear and indisputable"); United States v. Ferri, 686 F.2d 147, 152 (3d Cir. 1982), cert. denied, Matthews v. U.S., 459 U.S. 1211 (1983). Even where this burden is met, the court has discretion to deny the writ, "even when technical grounds for mandamus are satisfied." Coombs v. Staff Attorneys, 168 F. Supp.2d 432, 434-35 (E.D. Pa. 2001)(citation omitted).

Here, the Court finds no basis for mandamus relief. First, Taylor cannot show that their right to the writ is clear and undisputable. Second, the named respondents are not federal officers that owe a non-discretionary duty to petitioner. Finally, Taylor has not demonstrated that he has no other remedy.

Therefore, Taylor has failed to show any extraordinary factors that would warrant resort to a petition for a writ of

mandamus. Most significantly, however, Taylor's mandamus action is asserted against state officials, not federal officers, and therefore, the mandamus action must be dismissed for lack of subject matter jurisdiction.[2]  See 28 U.S.C. § 1651.

## CONCLUSION

Based upon the foregoing, Taylor's petition for a writ of mandamus will be dismissed for lack of subject matter jurisdiction.  No fees or costs of suit will be assessed.  An appropriate Order accompanies this Opinion.


                                    s/ Jerome B. Simandle
                                    JEROME B. SIMANDLE
                                    United States District Judge

Dated: **April 9, 2010**

---

[2] This Court also finds that Taylor's claim against respondents is a deprivation of property claim that does not assert a constitutional violation to bring this action under the original jurisdiction of the district court pursuant to 28 U.S.C. § 1331.  Moreover, there is no diversity jurisdiction under § 1332, for a tort action, because both petitioner and respondents are citizens of the State of New Jersey, and the amount in controversy requirement cannot be met.

9